(849 P.2d 1010)
No. 68,206

CITY OF SALINA, KANSAS, *Appellant,* v. TIMOTHY JOSEPH MARTIN, *Appellee.*

Opinion filed April 30, 1993.

*Gary D. Denning,* of Salina, for appellant.

*James L. Sweet,* of Sweet & Boyer, of Salina, for appellee.

Before BRISCOE, C.J., GERNON, J., and THOMAS H. GRABER, District Judge, assigned.

GRABER, J.: This is an interlocutory appeal by the City of Salina, Kansas, (City) from the decision of the trial court suppressing a blood alcohol test because the person drawing the blood was not authorized under K.S.A. 8-1001(c).

The City contends that a phlebotomist with the training and experience reflected in the record was a "qualified medical technician" who can draw blood for blood alcohol testing in a DUI prosecution under the guidelines set out in K.S.A. 8-1001(c).

K.S.A. 8-1001(c) authorizes only the following persons to draw blood samples for testing in DUI cases: "(1) A person licensed to practice medicine and surgery or a person acting under the supervision of any such licensed person; (2) a registered nurse or a licensed practical nurse; or (3) any qualified medical technician."

Timothy Martin was arrested for suspicion of driving while under the influence of alcohol. He was taken to Asbury Hospital in Salina for a blood test. The blood was drawn by Tonia Soldan, a phlebotomist. Soldan was not licensed to practice medicine and surgery, nor was she acting under the supervision of any such

licensed person. She was not a registered nurse or a licensed practical nurse. Since she was not specifically qualified to take blood under K.S.A. 8-1001(c)(1) or (2), the City presented evidence in an attempt to show that she was qualified to take Martin's blood as a "qualified medical technician" under K.S.A. 8-1001(c)(3).

Soldan testified that she had extensive experience and was an expert in drawing blood. However, she also testified that she was not a qualified medical technician in her understanding of the term and as that term is used by Asbury Hospital.

After hearing all of the evidence, the trial court found that Soldan was not a "qualified medical technician" qualified to draw blood under K.S.A. 8-1001(c)(3) and granted Martin's motion to suppress the results of the test.

The term "qualified medical technician" as used in K.S.A. 8-1001(c)(3) is not defined by statute, and the question of whether a person who does not fall within one of the other statutory categories is authorized to draw blood under subsection (3) is a question of fact.

When a defendant challenges the admissibility of evidence by filing a motion to suppress prior to trial, the prosecution has the burden of proving that the evidence is admissible. See K.S.A. 22-3216(2). Since the City had the burden of proof, the finding by the trial court that blood test results were inadmissible was a negative finding, and the standard of review on appeal is whether the trial court arbitrarily disregarded undisputed evidence or whether there was some extrinsic consideration such as bias, passion, or prejudice which influenced the decision. The City does not allege, nor did it show the court, any grounds for reversing the trial court.

The decision of the trial court, as shown by the record, was made after a careful consideration of all of the evidence, and its judgment must be affirmed.

Affirmed.